IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANHONY R. A.,[1] | 3:18-cv-01552-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**GEORGE J. WALL**
825 N.E. 20th Ave, Suite 330
Portland, OR  97232
(503) 236-0068

    Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2539

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Anthony R. A. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On May 26, 2015, Plaintiff protectively filed his

2 - OPINION AND ORDER

application for DIB and SSI benefits.  Tr. 13, 207, 209.[2]
Plaintiff alleges a disability onset date of September 8, 2019.
Tr. 13, 219.  Plaintiff's application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on August 16, 2017.  Tr. 32-58.  Plaintiff and a
vocational expert (VE) testified at the hearing.  Plaintiff was
represented by an attorney at the hearing.

On November 1, 2017, the ALJ issued an opinion in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 13-25.  Plaintiff requested review by the
Appeals Council.  On Jun 25, 2018, the Appeals Council denied
Plaintiff's request to review the ALJ's decision, and the ALJ's
decision became the final decision of the Commissioner.  Tr. 1-
3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On August 23, 2018, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on January 12, 1965.  Tr. 23, 207.
Plaintiff was 49 years old on his alleged disability onset date.

---

[2] Citations to the official Transcript of Record (#9) filed by the Commissioner on January 2, 2019, are referred to as "Tr."

Tr. 23. Plaintiff has a high-school education and attended junior college for two semesters. Tr. 23, 39. Plaintiff has past relevant work experience as a box machine operator. Tr. 23.

Plaintiff alleges disability due to chronic neck and shoulder pain; myofascial pain syndrome; and degeneration in the lumbar spine. Tr. 41, 59-60.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 19-22.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the

Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in

7 - OPINION AND ORDER

the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since September 8, 2014, Plaintiff's alleged disability onset date. Tr. 16.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease, cervicalgia, left-shoulder degenerative joint disease, status post right-shoulder surgery, anxiety disorder, and major depressive disorder. Tr. 16.

At Step Three the ALJ concluded Plaintiff's medically

determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 16.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  can occasionally stoop and climb ladders, ropes, and scaffolds; can frequently crouch and crawl; can occasionally reach overhead bilaterally; can understand and remember simple instructions; has sufficient concentration, persistence, and pace to complete simple, routine tasks for a normal work day and work week; and can occasionally interact with supervisors, coworkers, and the general public  Tr. 18.

At Step Four the ALJ concluded Plaintiff is unable to perform his past relevant work.  Tr. 23.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as office helper, office cleaner, and mailroom clerk.  Tr. 23-24.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 24.

## **DISCUSSION**

Plaintiff contends the ALJ erred when she failed (1) to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony; (2) to provide clear and

9 - OPINION AND ORDER

convincing reasons for rejecting the medical opinion of Richard Jenkins, M.D., Plaintiff's treating physician; and (3) to consider properly the lay-witness testimony of Bonney Cooley, Plaintiff's girlfriend.

I. **The ALJ did not err when she found Plaintiff's testimony was not fully credible.**

Plaintiff contends the ALJ erred when she failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony that he was unable to lift more than ten pounds.

A. **Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant is not required to show that [his] "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B. Analysis**

Plaintiff testified he was unable to work due to "neck, shoulder pain" and "[s]poradic low back pain." Tr. 41.

11 - OPINION AND ORDER

Plaintiff also stated in his Adult Function Report that he could only "lift less than ten pounds."  Tr. 19, 288.

The ALJ concluded Plaintiff's testimony regarding his physical symptoms is not "consistent with the medical and other evidence."  Tr. 19-20.  For example, the ALJ noted a thoracic spine MRI in 2012 showed mild degenerative changes including mild multilevel thoracic spondylosis, and a cervical spine MRI in 2013 showed degenerative changes resulting in mild-to-moderate stenosis.  Tr. 19, 409.  Shoulder X-rays in 2014 also indicated moderate degenerative changes at the left AC joint, but they did not indicate any significant degenerative changes in Plaintiff's right shoulder.  Tr. 19, 409.  The ALJ concluded these "relatively mild" imaging results were significant in light of Plaintiff's treatment history, which "tends to show inconsistent, waxing and waning symptoms."  Tr. 19.

Although Plaintiff contends "mild to moderate degenerative disc and joint disease can cause the pain and limitations to which Plaintiff attests," the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record even when the evidence is susceptible to more than one rational interpretation.  *Ludwig,* 681 F.3d at 1051.  In other words, the court may not substitute

its judgment for that of the Commissioner.  *Widmark*, 454 F.3d at 1070.

The ALJ also noted Plaintiff's activities suggest he can function at a greater capacity than he alleges.  Tr. 20.  For example, the ALJ noted Plaintiff testified he was able to walk up to one and a half miles four times a week, do light chores around the house, drive short distances, shop, and go outside daily.  Tr. 20, 285-86.  Activities are a proper ground for questioning the reliability of a claimant's subjective allegations.  *Molina*, 674 F.3d at 1113.

On this record the Court concludes the ALJ did not err when she discounted Plaintiff's general symptom testimony and found it was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**II. The ALJ provided clear and convincing reasons for rejecting the medical opinion of Dr. Jenkins.**

Plaintiff contends the ALJ erred when she rejected the opinions of Dr. Jenkins, Plaintiff's treating physician.

**A.  Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to

perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, the court must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Garrison*, 759 F.3d at 1012. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* Although the opinion of a treating physician is entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a nonexamining physician. *Ryan,* 528 F.3d at 1198. "The weight afforded a nonexamining physician's testimony depends 'on the degree to which [he] provide[s] supporting explanations for [his] opinions.'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(3)).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject

it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d 715, 725 (9th Cir. 1998). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B. Analysis**

Dr. Jenkins has been Plaintiff's treating physician since 2012. Tr. 678. On June 28, 2017, Dr. Jenkins provided a Physical Capacity Statement in which he opined, among other things, that Plaintiff could only occasionally lift "no more than ten pounds" and that he was unable to walk more than one block. Tr. 1073.

The ALJ discounted the opinion of Dr. Jenkins on the grounds that it was inconsistent with the clinical findings in

the record and with Plaintiff's reported daily activities. Tr. 22.  The ALJ again noted the "relatively mild imaging results" (*e.g.*, the thoracic spine in 2012, the cervical spine in 2013, and the shoulder in 2014) do not support the limitations found by Dr. Jenkins.  Moreover, Plaintiff's testimony regarding his ability to walk up to one and a half miles four times per week was inconsistent with the limitation found by Dr. Jenkins.  "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

On this record the Court concludes the ALJ did not err when she discounted the opinion of Dr. Jenkins because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err when she discounted the lay-witness statements.**

Plaintiff contends the ALJ erred when she failed to provide germane reasons for discounting the lay-witness statements of Bonney Cooley, Plaintiff's girlfriend, regarding Plaintiff's limitations.

A.  **Standards**

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006). Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

B.  **Analysis**

On October 2, 2015, Cooley submitted a Third-Party Function Report. Tr. 294-301. Cooley indicated, among other things, that Plaintiff could lift less than ten pounds, needed to rest after 15 to 20 minutes of walking, and can only take out small bags of garbage. Tr. 296, 299.

The ALJ gave "little weight" to Cooley's statements regarding Plaintiff's limitations on the grounds that they were

inconsistent with Plaintiff's own statements regarding his ability to walk up to one and a half miles four times a week and with the imaging results that showed relatively mild degenerative changes in Plaintiff's back and shoulders.  Tr. 22.  Thus, the Commissioner contends the ALJ discredited Cooley's statements based on the same evidence that the ALJ relied on to discount Plaintiff's testimony.

On this record the Court concludes the ALJ did not err when she discounted the lay-witness statements of Cooley, Plaintiff's girlfriend, because she provided germane reasons for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 16th day of July, 2019.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge